FILED
2011 Nov-14 PM 03:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HUBERT E. WOODARD, JR., | ] |
| Plaintiff, | ] |
| vs. | ] 2:11-cv-02569-LSC |
| TOWN OF OAKMAN, | ] |
| Defendant. | ] |

MEMORANDUM OF OPINION

The Court has for consideration Plaintiff's motion to remand.  (Doc. 5.) Plaintiff filed the underlying action at issue in the Circuit Court of Walker County, Alabama, on July 11, 2011, seeking a temporary restraining order against the Town of Oakman, Alabama.  Specifically, Plaintiff sought an order from the state court saying he did not have to appear for sentencing on July 12, 2011, because the Town of Oakman had purportedly abandoned his prosecution by failing to file his notice of appeal with the circuit court within fifteen days.  Defendant removed this action on July 13, 2011, alleging this Court has supplemental jurisdiction because the underlying cause of action arises from the same facts presented in another action currently before

this Court: *Woodard, et al. v. Town of Oakman, et al.*, 6:11-cv-00494-LSC.[1] Defendant subsequently moved this Court to dissolve the temporary restraining order allegedly entered by the state circuit court. (Doc. 3.)

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). For removal to be proper, the court must have subject-matter jurisdiction in the case. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). In addition, the removal statute must be strictly construed against removal, and any doubts should be resolved in favor of remand. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Defendants bear the burden of establishing subject-matter jurisdiction. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921).

Defendant has not established that the Court has original jurisdiction over the underlying action at issue in this case. There is no diversity of citizenship, and Plaintiff does not make any federal claims. Supplemental jurisdiction "cannot provide

---

[1] In 6:11-cv-00494-LSC, Woodard makes claims against the Town of Oakman and various town officials for violation of his constitutional rights under 42 U.S.C. § 1983, false arrest, malicious prosecution, civil conspiracy, and abuse of process.

the 'original jurisdiction' that [28 U.S.C.] § 1441 demands for an action to be removable." *Henson v. Citba-Geigy Corp.*, 261 F.3d 1065, 1068 n.3 (11th Cir. 2001) (citing *Ahearn v. Charter Township*, 100 F.3d 451, 456 (6th Cir. 1996)); *see also* 13B Charles Alan Wright et al., Federal Practice and Procedure § 3567.3, at 63 (2d ed. Supp. 1999) ("The supplemental-jurisdiction statute is not a source of original jurisdiction and a case cannot be brought or removed on grounds of supplemental jurisdiction alone.").

Accordingly, Plaintiff's motion to remand will be GRANTED. A separate order will be entered.

Done this 14th day of November 2011.

*[signature]*
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
139297